# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>    Plaintiff,<br><br>v.<br><br>KOKOR, et al,<br><br>    Defendants. | Case No. 1:18-cv-00084-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF No. 6)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.**     **Background**

Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in Kings County Superior Court on August 16, 2017. On January 16, 2018, Defendants Cryer, Enenmoh, Kokor, and Lewis (collectively "Defendants") removed the action and requested that the Court screen the complaint under 28 U.S.C. § 1915A(a) and that Defendants be allowed thirty days from the screening of the complaint to file a responsive pleading. (ECF No. 2.)

On January 25, 2018, Plaintiff filed an objection to the removal. (ECF Nos. 5, 6.) Plaintiff contends that the complaint is first and foremost a state tort claim, and Defendants' removal of this action to federal court is merely a tactic used to prevent Plaintiff from recovering on his state tort claims. Plaintiff also objects to Defendants' request for screening on the basis that state tort claims are not required to be screened. (Id.)

The Court construed Plaintiff's objection to the removal as a motion to remand and directed Defendants to file a response. (ECF No. 7.) Defendants filed a response on January 31, 2018, (ECF No. 9), and Plaintiff filed a reply on February 12, 2018, (ECF No. 13). The motion is

deemed submitted.  Local Rule 230(l).

**II.     Discussion**

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The removal statute is strictly construed, and Defendants bear the burden of establishing grounds for removal.  Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  As a threshold matter, courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction," Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted), and "federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar, Inc., 482 U.S. at 392.

In this instance, the portion of Plaintiff's complaint attached to the notice of removal specifically alleges a claim for cruel and unusual punishment, and violations of the Eighth Amendment.[1]  (ECF No. 2, pp. 19, 22.)  Plaintiff further concedes in his motion to remand that the rights violated by Defendants, though "primarily a state tort issue," also "overlap with several federal constitutional rights."  (ECF No. 6, p. 2.)  Therefore, the Court has subject matter jurisdiction over this action.

---

[1] The Court notes for the parties that there appear to be several pages missing from the attached copy of the complaint.  (See ECF No. 2, pp. 21–22.)

Plaintiff also objects to Defendants' request for screening of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff argues that none of the defendants are "officers" or government entities, and therefore his claims should not be subject to screening, regardless of the source of employment of the defendants. (ECF No. 13, p. 2.) Plaintiff's objection is unavailing. Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints in which a prisoner seeks redress from "a governmental entity or officer or employee of a governmental entity." As employees of CDCR, defendants are entitled to screening of Plaintiff's complaint.

Plaintiff's further objections regarding Defendants' removal of this action in order to prevent the advancement of Plaintiff's state law claims are unpersuasive. If, after screening the complaint, the Court finds that Plaintiff has stated a cognizable claim under federal law, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims that form part of the same case or controversy. 28 U.S.C. § 1367(a).

### III. Conclusion and Recommendation

Plaintiff has not demonstrated that he is entitled to remand. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion to remand, (ECF No. 6), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 16, 2018**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE