# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>    Plaintiff,<br><br>  v.<br><br>KOKOR, et al,<br><br>    Defendants. | Case No. 1:18-cv-00084-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF No. 14) |

  Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in Kings County Superior Court on August 16, 2017. On January 16, 2018, Defendants Cryer, Enenmoh, Kokor, and Lewis (collectively "Defendants") removed the action and requested that the Court screen the complaint under 28 U.S.C. § 1915A(a) and that Defendants be allowed thirty days from the screening of the complaint to file a responsive pleading. (ECF No. 2.) On January 25, 2018, Plaintiff filed an objection to the removal. (ECF Nos. 5, 6.)

  The Magistrate Judge construed Plaintiff's objection to the removal as a motion to remand. (ECF No. 7.) Defendants filed a response on January 31, 2018, (ECF No. 9), and Plaintiff filed a reply on February 12, 2018, (ECF No. 13).

  On February 20, 2018, the Magistrate Judge issued findings and recommendations that

1

1  Plaintiff's motion to remand be denied.  The findings and recommendations were served on the
2  parties and contained notice that any objections were to be filed within fourteen (14) days of
3  service.  (ECF No. 14.)  Plaintiff timely filed objections on March 12, 2018.[1]  (ECF No. 15.)

4  In his objections, Plaintiff argues that although his complaint presents overlapping issues
5  of federal and state law, he disagrees with the rules "that force overlapping issues into federal
6  court," because they make it more difficult for an average person to be treated justly, and should
7  therefore not be enforceable.  With respect to his objection to the screening of the complaint,
8  Plaintiff argues that doctors should be considered employees of the patients they treat, even if
9  they are paid by a government entity or state agency.  Plaintiff has further attached a complete
10 copy of the complaint.

11 The Court has reviewed Plaintiff's objections and finds them to be meritless.  It is evident
12 from Plaintiff's complaint, as well as his concession that the case presents "overlapping" issues of
13 federal and state law, that he is pursuing federal causes of action over which this Court maintains
14 federal question jurisdiction.  28 U.S.C. § 1331.  Plaintiff's argument that having his claims heard
15 in federal court will make it more difficult for his claims to be heard fairly is unpersuasive and
16 unsupported.  Similarly, his argument that doctors should not be considered employees of a
17 government entity because they should be "working for the patient," is equally unsupported and
18 unpersuasive.

19 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
20 *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's
21 objections, the Court finds the findings and recommendations to be supported by the record and
22 by proper analysis.

---

[1] The Court notes that the deadline for Plaintiff's objections was March 9, 2018.  Plaintiff is advised that the deadline for filing his objections was calculated from the date of service of the Court's findings and recommendations, February 20, 2018, rather than the date of signing, February 16, 2018.  In addition, pursuant to Federal Rule of Civil Procedure 6(d), Plaintiff is allowed an additional three (3) days following service made by mail.  Finally, although Plaintiff's objections were not docketed until March 12, 2018, the filing includes a proof of service dated March 8, 2018.  Pursuant to the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk.  See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on February 20, 2018, (ECF No. 14), are adopted in full;
2. Plaintiff's motion to remand, filed on January 25, 2018, (ECF No. 6), is DENIED;
3. Defendants shall submit an amended notice of removal within **five (5) days** following service of this order to include a complete copy of the complaint; and
4. This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: April 20, 2018

SENIOR DISTRICT JUDGE

3