# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>  Plaintiff,<br><br>  v.<br><br>KOKOR, et al,<br><br>  Defendants. | Case No. 1:18-cv-00084-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTION<br><br>(ECF No. 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in Kings County Superior Court on August 16, 2017. On January 16, 2018, Defendants Cryer, Enenmoh, Kokor, and Lewis (collectively "Defendants") removed the action and requested that the Court screen the complaint under 28 U.S.C. § 1915A(a) and that Defendants be allowed thirty days from the screening of the complaint to file a responsive pleading.[1] (ECF No. 2.)

Currently before the Court is Plaintiff's motion for injunction, filed February 12, 2018. (ECF No. 12.) Defendants have not filed an opposition or statement of non-opposition, and the

---

[1] On January 25, 2018, Plaintiff filed an objection to the removal of the action and to the request for screening, which was construed as a motion to remand. (ECF No. 6.) On February 20, 2018, following the filing of Defendants' response, the Court issued findings and recommendations recommending that Plaintiff's motion be denied. (ECF No. 14.) Plaintiff filed objections on March 12, 2018, (ECF No. 15), and those findings and recommendations were adopted by the District Judge on April 23, 2018, (ECF No. 16). Defendants filed an amended notice of removal on April 27, 2018. (ECF No. 17.)

1

time to do so has expired.  The motion is deemed submitted.  Local Rule 230(l).

**I.     Motion for Preliminary Injunction**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

In his motion, Plaintiff states that he received a letter from counsel for Defendants informing him that Defendants would be requesting documents from Plaintiff's central file, citing section 3370(e) of Title 15 of the California Code of Regulations.[2]  Plaintiff argues that this regulation applies only when the department (CDCR) or the attorney general is a defendant in a suit, and although the office of the attorney general is representing the Defendants in this matter, neither CDCR nor the attorney general is named as a defendant.

Plaintiff's interpretation of section 3370(e) is mistaken.  This Court has repeatedly held that this regulation supports the proposition that the office of the attorney general has access or control over documents contained within a prisoner plaintiff's central file, and has required defendants represented by the office of the attorney to produce such documents in discovery. See, e.g., Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434989, at *2 (E.D. Cal. Apr. 25, 2012).  Plaintiff may not rely on the same regulation to prevent the office of the attorney general from accessing his central file merely because the attorney general is not named as a party to this action.

Furthermore, to the extent Plaintiff attempts to raise an issue regarding the confidentiality of his central file or health records, Plaintiff "do[es] not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological

---

[2] Section 3370(e) states, in relevant part: "No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for . . . the office of the attorney general . . . and as provided by applicable federal and state law."

2

interest in access to them." Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010). Plaintiff put his medical care at issue by bringing this lawsuit and therefore, waived any right to privacy he may otherwise have maintained.

Finally, as Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest.

## II. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 12), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 11, 2018**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

3