# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>        Plaintiff,<br><br>    v.<br><br>KOKOR, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00084-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 18) |

      Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in Kings County Superior Court on August 16, 2017, and it was removed to this court by Defendants on January 16, 2018. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 12, 2018, Plaintiff filed a motion for an injunction to prevent Defendants from searching through Plaintiff's central file until discovery is opened in this action. (ECF No. 12.) On May 11, 2018, the assigned Magistrate Judge issued findings and recommendations recommending denial of the motion. (ECF No. 18.) Plaintiff timely filed objections on May 30, 2018. (ECF No. 19.)

      In his objections, Plaintiff argues that his medical records should remain as confidential as if he were any other citizen bringing a complaint, citing HIPAA. He also states his belief that information is being placed into his records without his knowledge, which is somehow interfering

1

with his ongoing medical care. Plaintiff further argues that he does not believe there is a legitimate penological interest in accessing his central file or health records, merely a litigation interest. Finally, Plaintiff believes that Defendants believe in the merits of his claims, or they would have asked for summary judgment when this action was before the state court. (Id.)

Plaintiff's objections are unpersuasive. As discussed in the findings and recommendations, Plaintiff has placed his own medical care at issue by bringing this lawsuit, thereby waiving any right to privacy he may otherwise have maintained. Furthermore, as a prisoner, Plaintiff's privacy expectations are not the same as any other citizen bringing a complaint. Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010).

Additionally, Plaintiff's complaint has not yet been screened, and the Court has made no determination that Plaintiff has stated cognizable claims for relief. Therefore, Plaintiff has failed to meet the threshold requirement of showing a likelihood of success on the merits.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. None of Plaintiff's objections provide a legal basis on which to question the Magistrate Judge's findings and recommendations. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on May 11, 2018, (ECF No. 18), are adopted in full;
2. Plaintiff's motion for injunctive relief, (ECF No. 12), is denied; and
3. The matter is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: June 22, 2018

SENIOR DISTRICT JUDGE