# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KOKOR, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:18-cv-00084-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 25)<br><br>ORDER DIRECTING PLAINTIFF TO SUBMIT INFORMATION IDENTIFYING DEFENDANTS DOE 1, DOE 2, AND DOE 3<br><br>**NINETY (90) DAY DEADLINE** |

　　　　Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 15, 2019, the Magistrate Judge issued findings that Plaintiff's first amended complaint stated cognizable claims against Defendants Doe 1 and Doe 3 for deliberate indifference to serious medical needs in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against the remaining defendants. (ECF No. 25.) The Magistrate Judge recommended that this action proceed on Plaintiff's first amended complaint against Defendants Doe 1 and Doe 3 for deliberate indifference to serious medical needs and that all other claims and defendants, including any claim for injunctive relief, be dismissed from this

1

action based on Plaintiff's failure to state claims upon which relief may be granted. Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 18.) Plaintiff timely filed objections on July 31, 2019. (ECF No. 26.)

In his objections, Plaintiff argues that the Magistrate Judge erred in overly simplifying his factual allegations, and Plaintiff claims that he can include additional detailed factual allegations as well as documentation and declaration in further amendments. Plaintiff next contends that all of the claims alleged in his complaint are appropriate for joinder, as they all relate to treatment (or lack of treatment) for the same medical condition, and similarly argues that injunctive relief is appropriate regardless of what institution he is housed at because he will always require treatment for this medical condition. Plaintiff objects to the dismissal of each named Defendant and alleges that each was deliberately indifferent or negligent in his medical care. Plaintiff further contends that the state of California waived its Eleventh Amendment immunity by passing the CTCA [California Tort Claims Act], and that he filed a Government Claim allowing him to seek damages against the relevant California government agency, here CDCR or CSATF, and notes that he originally attempted to file this action in state court before it was removed to federal court. Finally, Plaintiff objects to the omission of Defendant Doe 2.

With respect to Defendant Doe 2, the Court agrees that while the findings and recommendations state that Plaintiff has stated a cognizable claim against Defendants Does 1–3, (ECF No. 25, p. 17), the Magistrate Judge inadvertently omitted Defendant Doe 2 from the recommendations, (id. at 18). Plaintiff will be permitted to proceed against Defendants Doe 1, Doe 2, and Doe 3.

The Court finds Plaintiff's objections as to the oversimplification of his factual allegations in the findings and recommendations, the joinder of claims and defendants, and the dismissal of the individual named defendants, unpersuasive. The Magistrate Judge was not required to set forth, verbatim, all of Plaintiff's factual allegations, and the undersigned does not find that the findings and recommendations inappropriately ignored or discounted any of the relevant factual allegations. In addition, the mere fact that all of Plaintiff's claims relate to his medical care

during his incarceration at one institution is not sufficient to demonstrate that all of the claims arise out of the same "transaction or occurrence, or series of transactions or occurrences." Finally, as discussed at length in the findings and recommendations, Plaintiff's mere disagreement with the treatment provided by the various Defendants, or a difference of opinion between Plaintiff's medical providers, combined with Plaintiff's conclusory allegations that Defendants' actions were medically acceptable, is not sufficient to support a deliberate indifference claim.

Plaintiff states in his objections that he "filed a Government Claim allowing for the seeking of damages against the relevant California Government Agency (CDCR/CSATF)," (ECF No. 26, p. 2), and in his first amended complaint alleges "Gov Claim (#16008857) filed on 11/6/16," (ECF No. 24, p. 2). However, as Plaintiff was informed by the Court's prior screening order, it is Plaintiff's obligation to allege compliance with the California Government Claims Act (CGCA), which includes presentation of the tort claim to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. (ECF No. 21, pp. 7–8.) Plaintiff's allegations in the first amended complaint span a period of time beginning in January 2015, and his claims against Defendants Doe 1, Doe 2, and Doe 3 occurred on December 20, 2015, December 22, 2015, and December 23, 2015, respectively. As Plaintiff's claims against Defendants Doe 1, Doe 2, and Doe 3 are the only cognizable claims proceeding in this action, it appears that the relevant causes of action should have been presented to the Government Claims Board no more than six months after December 2015. The only information provided by Plaintiff demonstrates that he filed a government claim approximately one year after the causes of action accrued, and includes no explanation for his failure to timely file his government claim. Plaintiff also has included no allegations or documentation demonstrating that the claim filed included the specific causes of action relating to Defendants Doe 1, Doe 2, or Doe 3. Therefore, the undersigned finds that Plaintiff has not sufficiently alleged compliance with the CGCA, and should not be permitted to pursue claims for violation of California law in this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's

objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis, except as discussed above.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on July 15, 2019, (ECF. No. 25), are adopted in full;
2. This action shall proceed on Plaintiff's first amended complaint, filed August 30, 2018, (ECF No. 24), against Defendants Doe 1, Doe 2, and Doe 3 for deliberate indifference to serious medical needs in violation of the Eighth Amendment;
3. All other claims and defendants, including any claim for injunctive relief, are dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted;
4. **Within ninety (90) days from the date of service of this order, Plaintiff shall provide the Court with written notice identifying Defendants Doe 1, Doe 2, and Doe 3 with enough information to locate the defendants for service of process**; and
5. This action is referred back to the Magistrate Judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   July 1, 2020                           _____
                                                SENIOR DISTRICT JUDGE