# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KOKOR, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00084-AWI-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR STAY AND FOR SUBPOENA OF RECORDS<br><br>(ECF No. 28)<br><br>ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM, AND DIRECTING CLERK'S OFFICE TO SERVE COPY OF SUBPOENA WITH ORDER |

Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint, filed August 30, 2018 against Defendants Doe 1, Doe 2, and Doe 3 for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On July 1, 2020, the Court issued an order directing Plaintiff to provide the Court, within ninety days, with written notice identifying Defendants Doe 1, Doe 2, and Doe 3 with enough information to locate the defendants for service of process. (ECF No. 27.) On September 14, 2020, Plaintiff filed a motion for a stay of the Court's July 1, 2020 order and a motion for subpoena of records. (ECF No. 28.) On June 21, 2021, Plaintiff filed a notice identifying Defendants Doe 1, Doe 2, and Doe 3. (ECF No. 31.)

1

In his motion for subpoena of records, Plaintiff explains that he filed a request to inspect public records that was ignored by CSATF, where the incidents at issue in the complaint took place. (ECF No. 28.) Plaintiff has also attached information which he believes is sufficient to determine the staff identified as Defendants Doe 1, Doe 2, and Doe 3, but he is trying to concretely identify the staff. Plaintiff therefore requests that the Court's order be stayed pending a subpoena or that the Court proceed with the available information and have the U.S. Marshal serve the defendants. Accordingly, Plaintiff requests that CSATF (California Substance Abuse Treatment Facility and State Prison) produce the "Medical Staff Sign-In for 2nd Watch. For Dates of: December 21, 22, and 23 for the year 2015 – For Facility 'E'. Include titles such as RN, LVN, P&S, etc." (*Id.*)

Plaintiff's June 21, 2021 notice identifying the Doe Defendants provides that, upon information and belief, Plaintiff believes he has been able to identify Defendants Doe 1 and Doe 2 as C. Stronach (R.N. employee of CSATF) and (R.N.) Wheeler, possibly spelled Wuhler or Wahler, also an employee of CSATF. (ECF No. 31.) Plaintiff states that Defendant Doe 3 is difficult to identify the spelling of due to the handwriting of Doe 3. Confirmation would be easy should CDCR provide the answer to Plaintiff's subpoena request. (*Id.*)

Upon review of Plaintiff's motion and notice, the Court is satisfied that Plaintiff has attempted to exhaust finding out the identity of the three staff members from the information that is available to him. Given that Plaintiff is limited to seeking discovery pursuant to Federal Rule of Civil Procedure 45 at this stage of the proceeding, he is entitled to the issuance of subpoenas duces tecum under Rule 45.

Plaintiff has indicated to which institution the subpoena should be directed and listed the specific document to be produced to identify the Doe Defendants. The Court finds that the document requested is limited to one which might reveal the identity of the Doe Defendants, and is tailored so as to avoid undue burden and expense on the part of the responding party. *See* Fed. R. Civ. P. 45(d)(1). The Court notes that nothing in this order prevents the Warden of CSATF from objecting to the request or filing a motion to quash the subpoena. Plaintiff may file a motion to compel after he receives a response to his request if he wishes to challenge the response, or if

he does not receive a response.

As the Court will grant Plaintiff's request for a subpoena, a stay of this action is unnecessary at this time. Further, although Plaintiff believes he has identified Defendants Doe 1 and Doe 2, the Court finds it appropriate for Plaintiff to receive a response to the subpoena before submitting an amended complaint identifying all Doe Defendants.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for stay and motion for subpoena of records, (ECF No. 28), is GRANTED IN PART and DENIED IN PART as discussed above;

2. The Court authorizes the issuance of a subpoena duces tecum directing the Warden of California Substance Abuse Treatment Facility and State Prison, Corcoran ("CSATF"), to produce:
    a. The Medical Staff Sign-In for 2nd Watch for December 21, 22, and 23 for the year 2015 for Facility E, including titles such as RN, LVN, P&S, etc.;

3. The Clerk of the Court shall forward the following documents to the United States Marshals Service:
    a. One (1) completed and issued subpoena duces tecum;
    b. One (1) completed USM-285 form; and
    c. Two (2) copies of this order, one to accompany the subpoena and one for the United States Marshals Office;

4. The Clerk of the Court is directed to attach a copy of the completed subpoena duces tecum to this order;

5. Within **twenty (20) days** from the date of this order, the United States Marshals Service SHALL effect personal service of the subpoena, along with a copy of this order, upon the Warden of CSATF pursuant to Federal Rule of Civil Procedure 45 and 28 U.S.C. § 566(c);

6. Within **ten (10) days** after personal service is effected, the United States Marshals Service SHALL file the return of service;

///

3

7. The Warden of CSATF has **twenty-one (21) days** from the date of service of the subpoena to respond to the subpoena;
8. Within **ninety (90) days** from the date of service of this order, Plaintiff shall file a motion to amend the complaint and a Second Amended Complaint substituting the names of Defendants Doe 1, Doe 2, and Doe 3; and
9. **<u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to prosecute and failure to obey a court order</u>**.

IT IS SO ORDERED.

Dated: __**June 23, 2021**__   ____/s/ *Barbara A. McAuliffe*____
UNITED STATES MAGISTRATE JUDGE