# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN, | Case No. 1:18-cv-00084-AWI-BAM (PC) |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM |
| v. | |
| KOKOR, *et al.*, | (ECF No. 34) |
| Defendants. | **Warden's Response Due: Forty-Five (45) Days** |

Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Doe 1, Doe 2, and Doe 3 for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On June 23, 2021, the Court granted Plaintiff's request for a subpoena duces tecum directing the Warden of CSATF to produce " The Medical Staff Sign-In for 2nd Watch for December 21, 22, and 23 for the year 2015 for Facility E, including titles such as RN, LVN, P&S, etc." (ECF No. 32.) The Warden of CSATF was directed to respond to the subpoena within twenty-one days from the date of service. (*Id.*)

## I.  Plaintiff's Motion to Compel

Currently before the Court is Plaintiff's motion to compel compliance with the subpoena, filed July 12, 2021. (ECF No. 34.) Though a representative for the Warden of CSATF has not had the opportunity to respond, the Court finds a response unnecessary at this time, as the Warden of CSATF will have an opportunity to provide further information, as discussed below. The

1

1    motion is deemed submitted.  Local Rule 230(l).

2        In his motion, Plaintiff states that on or about July 6, 2021, he received a response to the

3    subpoena.  (ECF No. 34.)  The response, attached to Plaintiff's motion, does not provide the

4    requested document or the information requested in the subpoena.  The affidavit of custodian of

5    records provides that "a thorough search of our files was carried out by me or at my direction has

6    revealed that this business or facility *does not* have the records described in the subpoena duces

7    tecum."  (*Id.* at 4 (emphasis in original).)  The affidavit is signed and dated June 30, 2021.[1]  (*Id.*)

8        Plaintiff argues that the assertion that the Warden of CSATF is not in possession of the

9    documents is a farce.  Plaintiff states that he was previously assigned as a clerk in the program

10   office at another institution and had previously been tasked with sorting such records.  Per

11   Plaintiff's former supervisor, these records were to be kept for 7 years "by law."  Plaintiff thus

12   argues that it is hard to believe that such records (or the information contained within) are no

13   longer in existence, digitally or physically, by payroll or other means.  Plaintiff further asserts that

14   the response appears to be no more than a boilerplate answer.  (*Id.* at 1.)

15   **II.    Discussion**

16       A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall "command each

17   person to whom it is directed to do the following at a specified time and place: . . . produce

18   designated documents, electronically stored information, or tangible things in that person's

19   possession, custody, or control . . . ."  Fed. R. Civ. P. 45(a)(1)(A)(iii).  Every document subpoena

20   must state the court from which it issued, state the title of the action and its civil-action number,

21   specify the time and place set for the production, and set out the text of Rule 45(d) and (e).  Fed.

22   R. Civ. P. 45(a)(1)(A)(i)-(iv).  Serving a subpoena requires "delivering a copy to the named

23   person," which is interpreted to mean personal service.  Fed. R. Civ. P. 45(b)(1).  *See Prescott v.*

24   *Cty. of Stanislaus*, No. 1:10–cv–00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012)

25   (noting that a majority of courts interpreting "delivering" to require personal service).

26

27   [1] The Court notes, however, that the typed portion of the affidavit states that it was "Executed at
     Corcoran, California on this 24th day of November 24," which appears to be a clerical error.
28   (ECF No. 34, p. 4.)

Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion. *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 696–97(7th Cir. 2010); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975). However, some courts have expressed concerns with issuing a contempt order imposing sanctions for a non-party's non-compliance with a Rule 45 subpoena absent a court order compelling discovery. *See Schoonmaker v. Cty. of Eureka*, 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018).

It does not appear disputed that a representative of the Warden of CSATF was served with a subpoena commanding it to produce responsive documents. The subpoena served on the Warden of CSATF complied with the substantive requirements of Rule 45. (ECF No. 32-1.) The subpoena was personally served on Ryan Laber, Office Technician, on June 28, 2021 at 11:00 a.m. at P.O. Box 7100, Corcoran, California 93212. (ECF No. 33.) Finally, a response signed by Jason Barba, the Litigation Coordinator of CSATF and Corcoran State Prison was received by Plaintiff on July 6, 2021. (ECF No. 34, p. 4.)

Based on the above, it is not clear to the Court that the response from the Warden of CSATF warrants the Court finding the Warden has presented an "adequate excuse." Though the response to the subpoena states that a thorough search was carried out and revealed that the business or facility does not have the records described in the subpoena, there is insufficient information for the Court to determine whether CSATF has presented "adequate excuse" for failing to produce the requested documents. Fed. R. Civ. P. 45(g). The Court has evidence that such documents do in fact exist, but the Court cannot be certain that a violation of the subpoena has occurred. *See Fremont Energy Corp. v. Seattle Post Intelligencer*, 688 F.2d 1285, 1287 (9th Cir. 1982).

Accordingly, the Court finds it appropriate to grant Plaintiff's motion to compel, in part, to allow the Warden of CSATF to either produce the requested documents or to provide further explanation as to the extent of the search for the requested records. Any explanation should

3

include, but is not limited to, information such as whether such records or information ever existed, and if so, whether they were lost or destroyed, whether further specificity is required to identify a particular responsive document, or whether the responsive documents might be located at a different facility or building. The Court does not find other sanctions warranted at this time. However, the Court may issue further orders pursuant to Rule 45(g) if the Warden's response is determined insufficient to provide "adequate excuse" for the failure to provide the requested documents.

**III.     Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, (ECF No. 34), is GRANTED IN PART as discussed above;

2. Within **twenty (20) days** from the date of this order, the United States Marshals Service is directed to serve a copy of this order upon the Warden of CSATF;

3. The Warden of CSATF shall submit to the Court a written response within **forty-five (45) days** from the date of service of this order, either confirming production of the requested documents or providing an explanation of why the records could not be produced. Any explanation should include, but is not limited to, information such as whether such records or information ever existed, and if so, whether they were lost or destroyed, whether further specificity is required to identify a particular responsive document, or whether the responsive documents might be located at a different facility or building; and

4. The deadline for Plaintiff to file a motion to amend and a Second Amended Complaint substituting the names of Defendants Doe 1, Doe 2, and Doe 3 is VACATED and will be reset following resolution of the subpoena.

IT IS SO ORDERED.

Dated:   **July 15, 2021**                              /s/ *Barbara A. McAuliffe*         
                                                                UNITED STATES MAGISTRATE JUDGE

4