# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VERA-BROWN,<br><br>　　　　　Defendant. | Case No.  1:18-cv-00084-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY DISCOVERY<br><br>(ECF No. 59) |

Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Vera-Brown for deliberate indifference to serious medical needs in violation of the Eighth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 52.)

On February 25, 2022, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the prison's administrative grievance procedures for his claims against Defendant prior to filing this lawsuit. (ECF No. 57.) On February 25, 2022, Plaintiff filed a motion to compel discovery regarding Defendant's responses to Plaintiff's Request for Production of Documents (Set 1) and Plaintiff's Interrogatories (Set 1). (ECF No. 58.) In partial response, Defendant filed a motion to stay all discovery on February 28, 2022. (ECF No. 59.)

///

Although Plaintiff has not had the opportunity to file a response to Defendant's motion to stay all discovery, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

Defendant argues that the pending motion for summary judgment for failure to exhaust administrative remedies will potentially dispose of the entire case, the Court does not require additional information to decide the motion, and the expenditure of resources required to respond to discovery requests will be needless if the Court grants Defendant's motion for summary judgment. (ECF No. 59.) Defendant therefore requests that the Court stay all discovery and Plaintiff's motion to compel pending resolution of the pending motion for summary judgment. (*Id.*)

Having considered Defendant's moving papers, and having reviewed Plaintiff's motion to compel, the Court finds good cause to stay merits-based discovery—but not all discovery—in this action. Defendant has been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to require the preparation of potentially unnecessary merits-based discovery or the filing of unnecessary dispositive motions. Further, it appears that the discovery requests at issue in the motion to compel largely relate to the merits of this action, rather than the question of exhaustion.

**To the extent Plaintiff has served discovery requests relating to the issue of exhaustion of administrative remedies, Defendant is not relieved of the existing obligation to timely respond to those requests**. Given that Plaintiff has not had the opportunity to respond to Defendant's motion to stay discovery, the Court finds it appropriate to require Defendant to complete any outstanding discovery requests related to the exhaustion issue, as required by the

Court's Discovery and Scheduling Order. Although Defendant argues that no further information is needed for the Court to decide the exhaustion motion, Plaintiff may well disagree.

Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the Court will lift the stay of merits discovery and reset the deadlines for briefing of the pending motion to compel, if necessary, following a ruling on the pending motion for summary judgment. To the extent Plaintiff believes that any of the discovery requests at issue in the pending motion to compel relate to the issue of exhaustion, and Plaintiff is not otherwise able to obtain the documents or information requested, Plaintiff may also raise those issues in his opposition to Defendant's motion for summary judgment.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay discovery, (ECF No. 59), is GRANTED IN PART;
2. All merits-based discovery is STAYED; and
3. As necessary and appropriate, the Court will lift the stay of merits-based discovery and reset the deadlines for briefing Plaintiff's motion to compel following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **March 3, 2022**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE