**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MARCUS GANN,<br><br>                    Plaintiff,<br><br>         v.<br><br>VERA-BROWN,<br><br>                    Defendant. | Case No.  1:18-cv-00084-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO VACATE SCHEDULING ORDER<br><br>(ECF No. 68)<br><br>ORDER VACATING DISPOSITIVE MOTION DEADLINE |

**I.     Procedural Background**

Plaintiff Nathaniel Marcus Gann ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendant Vera-Brown ("Defendant") for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 52.)

On February 25, 2022, Defendant filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the prison's administrative grievance procedures for his claims against Defendant prior to filing this lawsuit.  (ECF No. 57.)  Also on February 25, 2022, Plaintiff filed a motion to compel discovery regarding Defendant's responses to Plaintiff's Request for Production of Documents (Set 1) and Plaintiff's Interrogatories (Set 1).  (ECF No. 58.)  In partial response, Defendant filed a motion to stay all discovery on February 28, 2022.  (ECF No. 59.)

1

The Court granted the request in part and ordered a stay of all merits-based discovery, but clarified that Defendant was not relieved of the obligation to timely respond to any requests relating to the issue of exhaustion of administrative remedies.  (ECF No. 61.)  Defendant filed an opposition to the motion to compel on March 11, 2022.  (ECF No. 63.)  Plaintiff did not file a reply.

On March 7, 2022, Plaintiff filed an opposition to the motion for summary judgment, (ECF No. 62), and Defendant filed a reply on March 14, 2022, (ECF No. 64).  Plaintiff filed what appears to be a sur-reply on April 13, 2022, (ECF No. 66), and Defendant filed a motion to strike the sur-reply on April 18, 2022, (ECF No. 67).  The motion for summary judgment is now fully briefed.

Pursuant to the Court's November 22, 2021 discovery and scheduling order, the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is October 3, 2022.  (ECF No. 55.)

Currently before the Court is Defendant's September 26, 2022 motion to vacate the scheduling order, which the Court construes as a motion to modify the Court's discovery and scheduling order.  (ECF No. 68.)  Although Plaintiff has not yet had an opportunity to respond to the motion, the Court finds a response unnecessary, and the motion is deemed submitted.  Local Rule 230(l).

**II.     Motion to Modify Discovery and Scheduling Order**

Defendant requests that the Court vacate the current scheduling order pending a ruling on Defendant's motion for summary judgment raising an exhaustion defense.  (ECF No. 68.)  Defendant contends that the pending motion for summary judgment may dispose of the entire case, the Court has previously stayed discovery at the request of Defendant and without opposition by Plaintiff, the parties have not completed fact based discovery to address the questions of fact present in this matter, and the expenditure of resources required to prepare and submit a dispositive motion will be needless if the Court grants Defendant's motion for summary judgment.  Specifically, Defendant requests that the Court vacate the current dispositive motion deadline, and a new discovery and scheduling order should be issued, if necessary, following

1  resolution of the motion for summary judgment based on exhaustion.  (*Id.*)

2      In light of the pending motion for summary judgment, and the possibility that the motion may dispose of the entire action, the Court finds good cause to grant Defendant's motion.  The Court will vacate the current dispositive motion deadline, to be reset as necessary following resolution of the pending motion for summary judgment.

**III.  Order**

    Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to vacate scheduling order, (ECF No. 68), is GRANTED;
2. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is VACATED; and
3. As necessary and appropriate, the Court will reset the dispositive motion deadline following resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated:   **September 28, 2022**          /s/ *Barbara A. McAuliffe*          
                                                                                  UNITED STATES MAGISTRATE JUDGE